Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Lynbrook dated November 6, 2006, adopting the recommendation of the Tow Vehicle Review Board of the Incorporated Village of Lynbrook dated October 31, 2006, made after a hearing, in effect, to deny the petitioner’s applications for unrestricted tow licenses and for towing and storing franchises for the years 2005 and 2006.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The challenged determination was supported by substantial *560 evidence (see CPLR 7803 [4]). The substantial evidence standard requires “such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Substantial evidence is “less than a preponderance of the evidence” (id.) and, “as a burden of proof, it demands only that a given inference is reasonable and plausible, not necessarily the most probable” (Matter of Miller v DeBuono, 90 NY2d 783, 793 [1997] [internal quotation marks and citation omitted]). Here, the respondents reasonably and plausibly inferred that the petitioner violated sections 231-23 (C) (2), (3) and 231-26 (E) of the Code of the Village of Lynbrook by overcharging customers and that the terms of the subject franchise agreement were violated by its failure to tow vehicles directly to its Lynbrook terminal.
The parties’ remaining contentions either are without merit, are not properly before us, or have been rendered academic in light of our decision and order on motion, decided herewith. Prudenti, PJ., Rivera, Santucci and Miller, JJ., concur.
Motion by the respondents in a proceeding pursuant to CPLR article 78 which was transferred to this Court by an order of the Supreme Court, Nassau County, dated December 12, 2008, to include in the record the full set of transcripts and all exhibits produced before the Tow Vehicle Review Board of the Incorporated Village of Lynbrook. By decision and order on motion of this Court dated June 8, 2009, the motion was held in abeyance and referred to the Justices hearing the proceeding for determination upon the argument or submission of the proceeding.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the proceeding, it is
Ordered that the motion is granted, and the record is deemed enlarged to include the full set of transcripts and all exhibits produced before the Village Tow Review Board. Prudenti, PJ., Rivera, Santucci and Miller, JJ., concur.